IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MONICA RENEE METCALF<br>(BOP Register No. 49309-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:17-cv-15-L-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Monica Renee Metcalf, a federal prisoner, proceeding *pro se*, has filed a motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. This action has been referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the Section 2255 motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts because "it plainly appears ... that [Metcalf] is not entitled to relief." *Id.*

**Applicable Background**

On March 15, 2015, Metcalf pleaded guilty to carjacking and aiding and abetting, in violation of 18 U.S.C. §§ 2119 and 2, and using, carrying, and brandishing a firearm during in and in relation to a crime of violence and aiding and abetting, in

violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. On August 8, 2016, she was sentenced to 92 months of imprisonment as to the carjacking conviction and a consecutive 84 months of imprisonment as to the Section 924 conviction, for an total aggregate sentence of 176 months of imprisonment. She did not file a direct appeal. And the current Section 2255 motion is timely filed under 28 U.S.C. § 2255(f)(1).

## Legal Standards and Analysis

Metcalf challenges her Section 924(c) conviction under *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Dkt. No. 2.

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

But the definition of "violent felony" under the ACCA's residual clause is substantially different than the definition of "crime of violence" used in Section 924(c).

*See* 18 U.S.C. § 924(c)(3) (defining "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). And that definition is identical to the definition of "crime of violence" in 18 U.S.C. § 16(b), a provision that the United States Court of Appeals for the Fifth Circuit has held "is not unconstitutionally vague" in light of *Johnson*. *United States v. Gonzalez-Longoria*, 831 F.3d 670, 672 (5th Cir. 2016) (en banc); *see* 18 U.S.C. § 16(b) ("The term 'crime of violence' means – (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."); *see also In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam) ("[T]he bank robbery and conspiracy to obstruct interstate commerce by robbery statutes that Lott was convicted under do not contain language similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, and so *Johnson* has no bearing on them." (citations omitted)); *but see Lynch v. Dimaya*, No. 15-1498, 137 S. Ct. 31 (2016) (granting certiorari review to decide whether Section 16(b), as incorporated into the Immigration and Nationality Act's provisions governing an alien's removal from the United States, is unconstitutionally vague).

-3-

And, even if this Court were to determine that *Johnson*'s invalidation of the ACCA's residual clause should be extended to Section 924(c)(3)(B), such an extension would not benefit Metcalf because the underlying "crime of violence" – federal carjacking – "is always and without exception a 'crime of violence' as that term is defined in 18 U.S.C. § 924(c)(3)." *United States v. Jones*, 642 F. App'x 304, 305 (5th Cir. 2016) (per curiam) (quoting *United States v. Frye*, 489 F.3d 201, 208-09 (5th Cir. 2007) (in turn quoting *United States v. Singleton*, 16 F.3d 1419, 1423 (5th Cir. 1994)); some quotation marks omitted).

Moreover, like bank robbery in violation of 18 U.S.C. § 2113, Section 2119 carjacking is a "crime of violence" pursuant to Section 924(c)'s force clause. *See United States v. Evans*, ___ F.3d ____, No. 16-4094, 2017 WL 444747, at *1 (4th Cir. Feb. 2, 2017) ("[W]e agree with the district court that the carjacking statute qualifies as a crime of violence under Section 924(c), because the carjacking statute 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" (quoting 18 U.S.C. § 924(c)(3)(A))); *Gray v. United States*, ___ F. Supp. 3d ____, Nos. 4:16cv86 & 4:08cr25, 2016 WL 4507118, at *2 (E.D. Va. July 25, 2016) ("In *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit applied the categorical approach to find that armed bank robbery and its lesser-included offense of bank robbery, both in violation of 18 U.S.C. § 2113, are crimes of violence under the force clause of § 924(c)(3), not under that statute's residual clause. *McNeal*, 818 F.3d at 157. The statute evaluated in *McNeal* is substantially

similar to the armed carjacking statute to be evaluated in this case. *Compare* 18 U.S.C. § 2113, *with* 18 U.S.C. § 2119. Specifically, both include as an element a taking 'by force and violence, or by intimidation.' 18 U.S.C. §§ 2113, 2119. In *McNeal*, the Fourth Circuit held that both means of committing the crime satisfy the force clause of § 924(c)(3), because '[a] taking "by force and violence" entails the use of physical force,' and '[l]ikewise, a taking "by intimidation" involves the threat to use such force.' *McNeal*, 818 F.3d at 153. Because armed carjacking, in violation of 18 U.S.C. § 2119, requires the same element, the analysis in *McNeal* applies equally well here. Therefore, whether a defendant convicted under § 2119 took a motor vehicle by force and violence, or by intimidation, the crime necessarily involved the 'use, attempted to use, or threatened use of physical force' encompassed by the force clause of § 924(c)(3), making the residual clause of § 924(c)(3) irrelevant. Accordingly, under the categorical approach, *Johnson* cannot even arguably apply to the crime of armed carjacking, in violation of 18 U.S.C. § 2119."); *Tolbert v. United States*, No. 3:16-cv-1897-G-BN, 2017 WL 507408, at *4 & n.2 (N.D. Tex. Jan. 17, 2017) (relying on *Gray* to conclude that federal carjacking is a "crime of violence" under Section 924(c)(3)(A)), *rec. accepted*, 2017 WL 495960 (N.D. Tex. Feb. 7, 2017).[1]

---

[1] *See also Evans*, 2017 WL 444747, at *3-*4 ("Our analysis whether the federal crime of carjacking is a crime of violence for purposes of Section 924(c) is governed directly by our recent decision in *McNeal*, 818 F.3d 141... [*McNeal*, in turn,] relied on the 'straightforward' holdings employed by two of our sister circuits, which have concluded that the crime of carjacking under Section 2119 is a crime of violence.... We are not aware of any case in which a court has interpreted the term 'intimidation' in the carjacking statute as meaning anything other than a threat of violent force." (citations omitted)); *Gray*, 2016 WL 4507118, at *2 n.3 (further noting that the force clause's

Therefore, because Metcalf's underlying offense is a "crime of violence" under Section 924(c)'s force clause, which does not contain language similar to language in a separate statute that *Johnson* struck down as unconstitutionally vague, it "plainly appears" that Metcalf "is not entitled to relief" on her Section 2255 motion, and the motion should be summarily dismissed. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

**Recommendation**

The Court should summarily dismiss the Section 2255 motion.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

applicability is established by Section 2119's requirement "that the defendant have 'the intent to cause death or serious bodily harm'" because "[p]roof of this element, by necessity, requires some evidence that the defendant used, attempted to use, or threatened to use physical force"); *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016) (per curiam) ("Even assuming that *Johnson* invalidated § 924(c)'s residual clause, that conclusion would not assist Smith because the elements of the underlying conviction on which his § 924(c) conviction was based – carjacking, in violation of 18 U.S.C. § 2119 – meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense."); *Dobbins v. United States*, Nos. 3:12-CR-100-TWP-HBG-1 & 3:16-CV-353-TWP, 2016 WL 7388389, at *2 (E.D. Tenn. Dec. 21, 2016) ("Federal carjacking – defined as the intentional taking of a motor vehicle from the presence of another 'by force and violence or by intimidation,' 18 U.S.C. § 2119 – invariably involves the use of force capable of causing physical pain or injury. The *Johnson* decision has no impact on this categorization and, as a result, cannot serve as grounds for granting the requested relief." (some citations omitted)).

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE